# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Miguel Angel Hernandez,<br><br>    Defendant. | 2:13-cr-00450-APG-GWF<br><br>**ORDER DENYING MOTION TO VACATE SENTENCE**<br><br>(ECF No. 125) |

Defendant Miguel Hernandez moves to vacate or modify his sentence under 28 U.S.C. § 2255. Hernandez's challenge fails for several reasons. He waived his right to bring this challenge, he fails to provide any facts to support most of his claims, and the facts he provides do not render his sentence infirm. I thus deny his motion.

Hernandez expressly waived his rights to challenge his sentence when he signed his plea agreement.[1] In this agreement, Hernandez "knowingly and expressly" waived his "right to appeal any sentence . . . the right to appeal any other aspect of his conviction . . . [and] all collateral challenges, including under 28 U.S.C. § 2255.[2] At his change of plea hearing, Hernandez confirmed several times that he was fully informed of the ramifications of his plea agreement and understood that he was waiving his rights to challenge his sentence.[3] The right to collaterally challenge a conviction or sentence is statutory, and a knowing and voluntary waiver of a statutory right is enforceable.[4] This is reason enough to deny Hernandez's motion.

/ / / /

/ / / /

---

[1] ECF No. 96.

[2] *Id.* at 12.

[3] ECF No. 138.

[4] *United States v. Abarca*, 985 F.2d 1012, 1013–14 (9th Cir. 1993).

But setting aside his express waiver, Hernandez has not shown that he can surmount § 2255's procedural requirements. After a defendant exhausts his direct appeal, his ability to challenge his sentence under § 2255 is severely limited. Hernandez must show that his sentence is unconstitutional—establishing that a mistake was made is not enough.[5] And none of Hernandez's allegations about his sentencing rises to the level of a constitutional violation that would warrant a challenge under § 2255.

Most of Hernandez's claims are unsupported by any facts. For example, Hernandez accuses his attorney of "not exhaust[ing] all resources on behalf of his client."[6] But he does not explain what his attorney failed to do. Similarly, Hernandez accuses his attorney of having a conflict of interest and failing to explain his plea deal, but he offers no facts from which I could determine whether there is any merit to his claims. The only factual allegations he includes are that some of his prior convictions were misdemeanors instead of felonies and that he was sentenced to a longer period of confinement than the government agreed to in the plea agreement. But these are minor challenges that Hernandez should have made on appeal, not the sort of constitutional violations that would allow him to challenge his sentence under § 2255.[7]

But even if Hernandez could surmount these hurdles, there is no merit to his argument that his counsel was ineffective. To prevail on a claim of ineffective assistance, Hernandez must

---

[5] *Hamilton v. United States,* 67 F.3d 761, 763 (9th Cir. 1995) (holding that a § 2255 challenge can be based only on claims of lack of jurisdiction, constitutional error, an error resulting in a "complete miscarriage of justice," or "a proceeding inconsistent with the rudimentary demands of fair procedure").

[6] ECF No. 125 at 2.

[7] *United States v. Schlesinger*, 49 F.3d 483, 485 (9th Cir. 1994); *see also United States v. Donn*, 661 F.2d 820, 824 (9th Cir. 1982).

show both deficient performance and prejudice.[8]  I "must apply a strong presumption that counsel's representation was within the wide range of reasonable professional assistance," and a defendant must show that "counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment."[9]  "[T]he standard for judging counsel's representation is a most deferential one" because "the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge."[10]  "A reasonable tactical choice based on an adequate inquiry is immune from attack."[11]

Hernandez's arguments fail on both the performance and prejudice prong: he has not shown that his counsel was deficient, and he has not explained how any alleged deficiency prejudiced him.  Hernandez contends that his counsel should have realized that his prior DUIs were only misdemeanors and brought that fact to the court's attention.  But the record indicates that his DUIs were in fact felonies, and Hernandez offers no evidence suggesting otherwise.[12]

Hernandez next argues that he was sentenced to 110 months in prison, which violated the terms of his plea agreement.  That is factually incorrect.  Hernandez claims the parties agreed to a sentence of 63-78 months.[13]  But the plea agreement contains no such limitation.  The parties

---

[8] **Error! Main Document Only.** *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[9] **Error! Main Document Only.** *Harrington v. Richter*, 562 U.S. 86, 104 (2011) (internal citations and quotations omitted).

[10] **Error! Main Document Only.** *Id.* at 105.

[11] **Error! Main Document Only.** *Gerlaugh v. Stewart,* 129 F.3d 1027, 1033 (9th Cir. 1997); *see also United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1996).

[12] *See* ECF No. 125 at 2.

[13] ECF No. 125 at 2.

agreed to a Guideline range calculation of 26 (based upon a 2-level reduction for the safety valve, "if applicable").[14] Hernandez did not qualify for the safety valve, but the court otherwise upheld the parties' calculation of the Guideline range of 28.[15] In the plea agreement, the government agreed to recommend a sentence at the low end of the Guideline as determined by the court.[16] The government made that recommendation at sentencing, and the court sentenced Hernandez to the low end of that range.[17] Thus, Hernandez's sentence did not violate his plea agreement.

Moreover, Hernandez does not explain how an alleged violation of the plea agreement is attributable to anything his counsel did wrong. Hernandez acknowledged in his plea agreement and at his plea hearing that he understood that "the Court does not have to follow" the recommendations set out in his agreement.[18] And in any event, Hernandez's plea agreement states that he could face up to 40 years of imprisonment; nothing in the agreement suggested that he must be sentenced to less than 110 months.

In sum, Hernandez waived his right to challenge his sentence, he fails to allege a constitutional violation that would allow him to bring this challenge under § 2255, and even if he could there is no merit to his claims. I therefore deny his motion.[19]

---

[14] ECF No. 96 at 5-6.

[15] ECF No. 139 at 5-7, 17.

[16] ECF No. 96 at 9.

[17] ECF No. 139 at 17-18.

[18] ECF No. 96 at 9; ECF No. 138 at 21, 25.

[19] No hearing is needed when, as here, the petitioner's arguments are based on the facts in the record and there is no showing that counsel was ineffective. *United States v. Taylor*, 648 F.2d 565, 573 (9th Cir. 1981); *United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989).

To appeal this order, Hernandez must receive a certificate of appealability from a circuit or district judge.[20] To obtain this certificate, Hernandez "must make a substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[21] Given the authority holding that Hernandez is barred from bringing his challenge, I deny his request for a certificate of appealability.

IT IS THEREFORE ORDERED that defendant's motion under 28 U.S.C. § 2255 **(ECF No. 125) is DENIED**.

IT IS FURTHER ORDERED that defendant's request for a certificate of appealability is **DENIED.**

DATED this 3rd day of August, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[20] 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1); 9th Cir. R. 22–1(a).
[21] *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quotation omitted).